**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dwight LIND, Defendant–Appellant.**

No. 04–10183.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16, 2005.

Decided Aug. 8, 2005.

---

Jennifer Christine Guerin, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Harriette P. Levitt, Esq., Tucson, AZ, for Defendant–Appellant.

Before: REAVLEY,\* T.G. NELSON, and RAWLINSON, Circuit Judges.

### MEMORANDUM \*\*

Dwight Lind appeals his convictions of fraudulent concealment, false statements, and money laundering under 18 U.S.C. §§ 152(1), 152(3), 1957, and 1623. He also challenges his sentences under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). We affirm the convictions and order a limited remand on the sentencing issues for the following reasons:

1. The government's evidence established that Lind received about $240,000 from the sale of the undisclosed Clark County property, that Lind reported liabilities in excess of assets by about $202,000, and that the Bankruptcy Trustee relies on a debtor's required disclosures to assess the potential success of reorganization and the debtor's ability to repay creditors. This evidence was sufficient for a rational jury to find that Lind's concealment of and false statements regarding the Clark County property were capable of influencing the Trustee in his assessment of Lind's reorganization and ability to pay creditors. Thus, assuming that materiality is an essential element of §§ 152(1) and 152(3), the government's evidence was sufficient to establish that element. *United States v. Gaudin,* 515 U.S. 506, 509, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (stating that a statement is material if it has the natural tendency to influence or is capable of influencing the party to which it is directed); *United States v. Manion,* 339 F.3d 1153, 1157 (9th Cir.2003) (stating that evidence is sufficient to support a verdict if any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt); *United States v. Lindholm,* 24 F.3d 1078, 1083 (9th Cir. 1994) (stating that the scope of materiality includes matters relating to the extent and nature of the bankrupt's assets).

2. Assuming that materiality is an essential element of § 152(1), the trial court's failure to instruct the jury on that element was harmless error. *See Neder v. United States,* 527 U.S. 1, 8–17, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (finding harmless error where a jury instruction omitted the

---

\* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. Rule 36–3.

materiality element of the offense but evidence of materiality was overwhelming). The government's evidence, discussed above, was ample to establish that Lind's concealment of the Clark County property in the Joshua Tree Trust was material to the bankruptcy. In addition, the jury was instructed on materiality on the counts alleging violations of §§ 152(3) and 1623. The jury, in convicting on those counts, concluded that Lind's failure to disclose the property and the proceeds from its sale were material. In light of that conclusion, it is unlikely that the jury would not also conclude that his concealment of the property was material.

3. The district court acted within its discretion in denying Lind's motion for a new trial. In allowing Lind to represent himself with advisory counsel the court took pains to warn Lind of the dangers of self-representation and to ensure that his waiver of his right to counsel was voluntary and intelligent. The court cannot be faulted for failing to provide hybrid counsel that Lind never requested. *See United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir.1981) (stating that a criminal defendant does not have a constitutional right to hybrid counsel and that the district court has discretion to allow or deny hybrid representation). Nor can the district court be faulted for denying Lind's motion for a continuance on the first day of trial. Lind was not diligent in securing the appearance of his witnesses, had already been granted several continuances in the case, and has produced no evidence that any witness would have provided testimony helpful to his case. *See United States v. George*, 85 F.3d 1433, 1439–40 (9th Cir.1996) (listing factors to be considered in reviewing the denial of a continuance).

4. The government contends that the district court relied only on facts found by the jury rather than its own fact-finding in sentencing Lind and that a limited remand is thus not warranted. We disagree. For example, the jury found that Lind engaged in a transaction with money "derived from" criminal activity, but the court enhanced Lind's sentence under § 2S1.2(b)(1)(B) of the guidelines, which "applies if the defendant knew that the funds were *not merely criminally derived,* but were in fact the *proceeds of* a specified unlawful activity." U.S. SENTENCING GUIDELINES MANUAL § 2S1.2(b)(1)(B), cmt. background (1998) [hereinafter U.S.S.G.] (emphasis added). In addition, the jury's finding that Lind gave false testimony in the bankruptcy proceeding does not support the district court's enhancement of his sentence for obstruction of justice in the criminal case. U.S.S.G. § 3C1.1 (providing for an enhancement if "the defendant willfully obstructed ... the administration of justice *during the course of the investigation, prosecution, or sentencing of the instant offense of conviction* [.]" (emphasis added)). Because the district court enhanced Lind's sentence according to facts not found by the jury, we remand for further proceedings in accordance with *Ameline,* 409 F.3d 1073.

The convictions are AFFIRMED and the sentencing issues are REMANDED under *Ameline* for limited reconsideration.